**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Petitioner/Respondent,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Randy Cook and Rupert Mfg. Co., Respondent/Appellant.**

**No. WD 39215.**

Missouri Court of Appeals, Western District.

Nov. 10, 1987.

Catherine J. Barrie, Jefferson City, for respondent/appellant.

Sharon A. Wills, Kansas City, Sandy Bowers, Jefferson City, for petitioner/respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

Randy Cook filed an application for unemployment benefits. The referee found that he was disqualified and on appeal to the Appeals Tribunal of the Division that decision was affirmed. Cook appealed to the Commission, which reversed and found that Cook was entitled to benefits. On appeal to the circuit court, the decision of the Commission was reversed. The Commission has appealed to this court.

The Commission contends that it has the right to appeal to this court and that its decision should be affirmed. Affirmed and remanded.

Randy Cook was employed by Rupert Mfg. Co. for two and one-half years until he left on October 7, 1985. His salary with Rupert at the time he quit was $6.53 per hour for a 40 hour week. Cook testified before the Appeals Tribunal that the Rupert plant was in the process of closing and he had another job offer. Cook stated that he was not given an exact date when the plant was going to shut down, but that he was told that he would not have a job maybe after the next month.

Cook testified that he left Rupert and went to work the next day for Jen–L Painting, Inc. at a salary of $20 per hour with a guarantee of 20 hours per week. Cook worked for Jen–L until November 6, 1985, when he was discharged. It was at that time that Cook filed his claim for unemployment benefits. The Appeals Tribunal found the facts essentially as stated above and found that Cook failed to submit documentary evidence to establish what period of time he worked in 1985 for Jen–L or the number of hours per week that he worked. The Appeals Tribunal found that Cook had not established that the work for which he quit Rupert was more remunerative and that Cook did not come within the exception set out in § 288.050.1(1)(a), RSMo 1986.

Cook filed an appeal to the Commission in which he stated that his earnings were in cash and that he paid taxes on them and that he did accept employment that was more remunerative. The Commission found that Cook left his employment with Rupert to accept another offer because he had been told that he would be laid off in approximately a month. The Commission concluded that under those circumstances Cook's separation constituted a constructive discharge. The Commission held that Cook was qualified to receive benefits.

As stated, the circuit court reversed the Commission and held that Cook was dis-

qualified. Only the Commission has appealed from the circuit court judgment.

■ The only parties to this appeal are the Commission as appellant, and the Division as respondent. The Division has filed a motion to dismiss the appeal on the ground that the Commission is not an aggrieved party and therefore has no standing to appeal. The right of the Commission to take an appeal was decided in *Dubinsky Brothers, Inc. v. Industrial Commission of Missouri*, 373 S.W.2d 9 (Mo. banc 1963). In that case, both the Division and the Commission had filed an appeal, and the court discussed the question of whether or not the Commission and the Division were "aggrieved" within the meaning of § 512.020 (now RSMo 1986). The court discussed cases from other states and stated that those decisions had proceeded on the theory that the Commission is charged with the administration of the law and the protection of the fund and has a direct interest in seeing that there is a uniform system of interpretation of the law. *Id.* at 13. The court further stated that the Commission may be an aggrieved party because on appeal it is representing the interests of the public and not the claimant. *Id.* at 14. The court held that both the Commission and the Division had the kind of direct interest which gives to them an independent right of appeal. *Id.* at 14.

The Division seeks to distinguish *Dubinsky* on the ground that the Commission rode piggy-back on the right of the Division to appeal. This court does not read *Dubinsky* in such a limited fashion. The court discussed the right of the Commission to appeal without reference to the Division and concluded that both would have a right to appeal. This court holds that under *Dubinsky* the Commission has the right to appeal.

Under § 288.050, Cook is disqualified if he left his work voluntarily without good cause attributable to the work or his employer, except that he shall not be disqualified if he quit for the purpose of accepting a more remunerative job which he did accept and earned some wages therein. The Appeals Tribunal found that Cook did not prove that he left Rupert to take a more remunerative job.

The Commission did not review the case on the basis on which the Appeals Tribunal reached its decision but for the first time advanced a theory that Cook had been constructively discharged because he was told the plant was going to close.

■ This court reviews the decision of the Commission. *Westerheide Tobacco & Cigar Company v. Labor and Industrial Relations Commission of Missouri*, 723 S.W.2d 936, 938[1–3] (Mo.App.1987). The burden is on the claimant to prove that he left his employment for good cause, and whether the evidence meets that burden is a question of law. *Contractors Supply Company v. Labor and Industrial Relations Commission*, 614 S.W.2d 563, 564[2, 3] (Mo.App.1981). When the question is one of law, this court is not bound by the decision of the Commission but makes its own decision. *Backer's Potato Chip Company v. Labor and Industrial Relations Commission of Missouri*, 679 S.W.2d 909, 911[1] (Mo.App.1984). Thus, the decision by the Commission that Cook was constructively discharged and therefore left Rupert for good cause is a question of law which this court reviews without being bound by the Commission decision.

■ No case has been cited or located in which the term "constructive discharge" was used in a Missouri decision. However, the term is used in federal labor decisions and has been held to mean that a constructive discharge occurs when the employer deliberately renders the employee's working conditions intolerable and thus forces him to quit his job. *Muller v. United States Steel Corporation*, 509 F.2d 923, 929[5] (10th Cir.1975). The Commission on appeal does not advance any definition. Absent any indication of the meaning the Commission attributed to that term, this court will accept the definition in *Muller*.

There are cases which have analogous facts to this case, in which the employee voluntarily left his job after being notified that he was being terminated. They are analogous in the fact that here Cook took the position that he would lose his job, with the only question being the date of termi-

nation. Illustrative of these is *McCammon v. Yellowstone Company, Inc.*, 100 Idaho 926, 607 P.2d 434 (1980). The court there adopted the view that when an employee is terminated as of a specific date, unemployment benefits begin with the date of termination, provided the employee is otherwise eligible. However, the court held that if the employee leaves prior to the effective date of termination, his leaving is voluntary and he is not eligible for benefits between the date of leaving and the date of termination. Those cases are not entirely applicable here because Cook testified he did not know when the plant would close.

More closely akin to this case is *Manson v. Hartford Accident and Indemnity Group*, 50 A.D.2d 980, 376 N.Y.S.2d 40 (1975). Manson had been informed that he would be terminated but no date was given as to when. Without further action on the part of the employer Manson terminated his employment. The court held that benefits were not available because he had voluntarily left his employment. *Manson* is consistent with the Missouri view as expressed in *Division of Employment Security v. Labor and Industrial Relations Commission*, 617 S.W.2d 620, 622[6–8] (Mo.App.1981), in which this court stated: "[a]n employee is deemed to have left work voluntarily when he leaves of his own accord as opposed to his being discharged, dismissed or subjected to layoff by the employer, . . . ."

There is no dispute that Cook voluntarily left his employment on October 7. He had not been terminated and he had not been given a date as to when the plant would close. In fact, Cook testified that as of January 22, 1986, when he testified before the Appeals Tribunal, the Rupert plant had not closed.

■ There is no evidence to support the Commission finding that Cook was constructively discharged. There was no evidence of any action on the part of Rupert except for a statement by someone that the plant was closing. This did not make Cook's working condition intolerable. Thus, there is no basis for the finding that Cook was constructively discharged; on the contrary, Cook admitted that he voluntarily quit.

■ The question now becomes whether or not Cook comes within the exception stated in § 288.050.1(1)(a). That section provides that an employee is not disqualified if he quit work for the purpose of accepting a more remunerative job and did accept such job and earned some wages therein. The Appeals Tribunal considered that exception but found Cook's proof to be deficient because it was not documented. Although Cook bore the burden of proof to show he fit within the exception, there is no requirement that the burden must be met by documentary evidence. If believed, Cook's testimony would be sufficient to find he quit for a more remunerative job.

As to questions of fact, it is the function of the Commission to find the facts and to assess the credibility of witnesses. *Westerheide*, 723 S.W.2d at 938[1–3]. Although Cook's testimony was uncontradicted, the Commission is charged with the responsibility of assessing the credibility of the witnesses. *Id.* Here the Appeals Tribunal obviously had some doubt as to the credibility of Cook. The Commission may not ignore Cook's undisputed testimony, but it could find against Cook in the face of his testimony if it found that he was not credible. *Missouri Church of Scientology v. State Tax Commission*, 560 S.W.2d 837, 843[7, 8] (Mo. banc 1977). In view of the doubt entertained by the Appeals Tribunal about Cook's credibility, this court will give the Commission the opportunity to assess Cook's credibility and make findings of fact on whether or not Cook falls within the exception in § 288.050.1(1)(a).

The judgment of the circuit court reversing the decision of the Commission is affirmed and this cause is remanded to the circuit court with directions to remand this cause to the Commission. On remand the Commission shall reconsider Cook's appeal and determine if Cook comes within the exception stated in § 288.050.1(1)(a).

All concur.