Jane PORTER, Plaintiff–Appellant,

v.

S. MAUNNANGI, M.D., et al.,
Defendants–Respondents.

No. 54784.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied
March 14, 1989.

Ray B. Marglous and James E. Lownsdale, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., Jefferson City, Kevin B. Behrndt, Asst. Atty. Gen., St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Jane Porter, appeals from the dismissal of her wrongful death action by the trial court on motion of defendants, Doctors Corazon Estrada and Siva Munnangi. We affirm.

Plaintiff filed a petition for the wrongful death of her son, David Porter, on December 1, 1987. The petition alleged that Porter had been involuntarily committed to St. Louis State Hospital on May 28, 1986, following a suicide attempt. The petition further alleged that Porter was discharged from the hospital on June 4, 1986, and that he subsequently committed suicide on June 12, 1986. The petition alleged that defendant psychiatrists were responsible for the diagnosis, care and treatment of plaintiff's son during his hospitalization and that de-

**700**

fendants were negligent in: (a) failing to diagnose Porter's suicidal condition; (b) failing to provide appropriate psychiatric treatment for Porter knowing of his suicidal tendencies; and (c) allowing Porter to be discharged from their care when he posed an unreasonable danger to himself.

Defendants filed a motion for summary judgment as well as a motion to dismiss. Plaintiff appeals from the trial court's order sustaining defendants' motion to dismiss.

Our review of an order sustaining a motion to dismiss requires us to accept the veracity of the pleaded facts and all reasonable inferences arising therefrom. *Lynn v. T.I.M.E.–D.C. Inc.,* 710 S.W.2d 359, 360 (Mo.App.1986).

On appeal, plaintiff claims the trial court erred in sustaining defendants' motion to dismiss because defendants are not entitled to official immunity for the negligent treatment of their patients. Plaintiff's allegations of error, although couched in terms of medical diagnosis and treatment, are inextricably linked with the doctors' decision to discharge plaintiff's son. A doctor's decision to discharge a patient is based on that doctor's previous treatment and diagnosis of that patient. The issue in this case, in actuality, is whether state-employed physicians enjoy official immunity for the decision to discharge a patient from a state mental hospital.

This issue is resolved by § 632.440, RSMo (1986). That section provides:

> No liability for public officials and certain peace officers.—No ... licensed physician, performing functions necessary for the administration of this chapter, ... shall be civilly liable ... for discharging a person pursuant to this chapter ... so long as such duties were performed in good faith and without gross negligence.

Defendants' decision to discharge Porter was a function necessary for the administration of Chapter 632 RSMo (1986). Plaintiff did not allege that defendants acted in bad faith or with gross negligence. Accordingly, the defendants' decision to discharge Porter is statutorily shielded from liability.

Section 632.440 essentially codified the common law. The doctrine of official immunity is firmly entrenched in Missouri case law. Public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but may be liable for torts committed when acting in a ministerial capacity. *State Ex Rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 444 (Mo. banc 1986). In *Sherrill v. Wilson,* 653 S.W.2d 661, 664 (Mo. banc 1983), the Missouri Supreme Court recognized that "physicians at state institutions are called upon to exercise judgment as to the detention and temporary or permanent release of patients ... Matters of detention and full or partial release, then, require judgment calls." A doctor's decision to discharge a patient from a state mental hospital is not a ministerial duty. *See State Ex Rel. Eli Lilly & Co. v. Gaertner,* 619 S.W.2d 761 (Mo.App. 1981).

The trial court properly sustained defendants' motion to dismiss. The order of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.