James D. NULL, Plaintiff–Appellant,

v.

K & P PRECAST, INC., and Richard Krumm, Defendants–Respondents.

No. 64540.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1994.

Sidney A. Gould, Bridgeton, for plaintiff-appellant.

Jerome J. Duff, St. Louis, for defendants-respondents.

KAROHL, Judge.

Employee appeals after trial court granted motion for summary judgment on claims of breach of an oral contract, fraudulent misrepresentation, and wrongful termination. We reverse and remand.

Plaintiff, James Null, worked for Kemmar Corporation as operational and general manager. Defendant, K & P Precast, Inc. (K & P), purchased Kemmar in December of 1989. At that time, K & P's president and CEO, Richard Krumm, retained Null as general manager of the company. Null alleged in Count I there was an oral employment agreement between himself and K & P which included provisions for a bonus. He alleged the agreement included a production bonus to be determined monthly, similar to what Null had received from Kemmar prior to K & P's acquisition of the corporation. Both Krumm and K & P denied the existence of a bonus agreement. Null claims an unpaid bonus of $7,500 for the time period of December, 1989 through January, 1991. In Count II, Null alleges Krumm, on behalf of K & P, promised a bonus as an inducement to him, but had no intention to pay it. In Count III, Null alleges he was fired because he pursued a Workers' Compensation Claim and is entitled to damages for violation of § 287.780 RSMo 1986.

Null filed a Workers' Compensation Claim for injuries he suffered in 1988 while working for K & P's predecessor, Kemmar. This claim was settled in March and May of 1991. Prior to the settlement of the Workers' Compensation Claim, in January of 1991, Krumm terminated Null's employment with K & P. Null alleged Krumm told him he was terminated because the company could no longer afford the Workers' Compensation insurance on him because the insurance rates had already increased or were about to increase due to Null's past claim. In a deposition, Krumm, for K & P, acknowledged he fired Null, at least partially, for Workers' Compensation liability reasons. He also said Null was hired to work in the office, but Null insisted on working in the more dangerous shop area. Furthermore, Krumm testified that after Null's on-the-job injury, Null was taking medication which affected his ability to drive and operate machinery.

Null filed a three-count petition against both K & P and Krumm in November of 1991 in which he alleged K & P violated an oral contract in which it promised to pay him a bonus (Count I), it fraudulently misrepresented itself when promising to pay the bonus (Count II), and it wrongfully terminated him in violation of § 287.780 (Count III). K & P filed a motion for summary judgment as to all three counts. The trial court denied the motion as to Counts I and II; however, it dismissed Count III granting Null leave to amend, which he did. K & P filed a second

motion for summary judgment on all counts which was granted in July of 1993.

We review this appeal in accord with *ITT Comm. Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Summary judgments are "extreme and drastic remed(ies)." Trial courts must use "great care" when considering them. *Id.* at 377. A trial court may properly grant a summary judgment if, as a matter of law, the movant is undisputedly entitled to judgment and there are no genuine disputes over any material facts. *Id.* Movant bears the burden to establish a right to summary judgment as a matter of law. *Id.* at 381. If movant successfully carries this burden, the non-movant must then show by summary judgment facts in evidentiary form, in other words, depositions, affidavits, admissions or answers to interrogatories, that a dispute exists concerning a material fact. *Id.* We review the record on appeal in the light most favorable to Null and accord him the benefit of all reasonable inferences drawn therefrom. *Id.* at 376. Unfortunately, we find little assistance in K & P's brief consisting of only three pages of argument against all four of Null's points on appeal.

■ In Null's first of four points on appeal, he argues the trial court erred in entering judgment on Count I concerning the alleged oral contract because he had fully performed his services. He also argues, claims based on oral contracts for an indefinite period that could be performed in one year, subject to termination at any time, are not subject to the Statute of Frauds.

The Statute of Frauds will not support summary judgment on Count I. Our supreme court has stated:

> A contract which is not expressly to run for a period longer than a year and is terminable at will, or on less that a year's notice, is not within the statute [of frauds], since by exercise of the option to terminate it may be wholly performed within the year, and this rule applies although the contract is of a continuing nature, and, in fact, has extended for more than a year.

*Koman v. Morrissey*, 517 S.W.2d 929, 935 (Mo.1974).

This rule of law applies to Null's alleged oral contract and takes it out from the Statute of Frauds.

■ K & P supported what it called a supplemental motion for summary judgment with a verification signed by Krumm, vouching for knowledge and accuracy of the facts in the motion. There was no supporting affidavit stating relevant facts. There were no facts in the motion. The motion asserts legal conclusions, including, as a matter of law, Count I (oral contract) and II (fraud) are foreclosed by *McCoy v. Spelman Mem. Hosp.*, 845 S.W.2d 727 (Mo.App.W.D.1993). The *McCoy* court analyzed an oral agreement where the petitioner alleged a contract of three to five years, which he sought to enforce. In our case, plaintiff seeks to enforce a previously-earned monthly bonus. The court, in deciding *McCoy*, recognized the difficulty in proving damages by an at will employee. Null's damages are liquidated, except for a claim of punitive damages. Null's case, therefore, is factually and legally different. The court in *McCoy* did not consider the fraud claim as a tort. It reached the same result by analyzing McCoy's deposition testimony where he acknowledged his employer truthfully gave him one motive for employment. The fact that the employer was silent as to the other motives was simply not a misrepresentation. It would have been so if McCoy had inquired and the employer had denied other motives. The employer had no duty to disclose the other motives to hire the employee. K & P, however, had a duty not to affirmatively mislead Null, which is Null's alleged theory.

K & P contends *McCoy* "mandates" Missouri will not recognize oral employment contracts as exceptions to the employment at will doctrine because oral employment contracts violate the Statute of Frauds. *McCoy* does not mandate such a rule. In *McCoy*, plaintiff argued the Statute of Frauds did not apply because of the doctrines of promissory estoppel and part performance, and alternatively, that a letter constituted a memorandum or note which would satisfy the Statute of Frauds. The court held: (1) employees may not rely on a promissory estoppel theory when attempting to establish the terms of an

alleged oral contract which is barred by the Statute of Frauds, (2) the doctrine of part performance, which is equitable in nature, may not be used in an action at law for breach of contract, and, (3) the letter did not satisfy the Statute of Frauds because it did not contain all of the alleged contract's essential terms. *McCoy v. Spelman Mem. Hosp.*, 845 S.W.2d at 730–731.

Furthermore, in K & P's two-paragraph memorandum in support of its original motion for summary judgment, K & P simply alleged Missouri is an employment at will state, and Null has no evidence to support his claims. We are an employment at will state, but that is not conclusive of the issues in this appeal. In support of the assertion Null cannot prove a submissible case, K & P cites four cases without explaining how or why they apply. Null's testimony, if believed, would constitute proof of the agreement which did not expressly run for a period longer than one year. The alleged bonus was earned and payable monthly. K & P was not entitled to judgment on Count I as a matter of law. *ITT Comm. Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d at 377.

■ Null's second point states the trial court erred in dismissing Count II alleging fraudulent misrepresentation because, as a matter of law, the Statute of Frauds does not bar such a claim. K & P did not rebut this argument. Null also argues, "assuming that plaintiff meets the burden of proof at trial, the case law reviews the elements of the promises and misrepresentation supporting such a Count, and the state of mind that characterizes the intent to perform at the time of the promise." This allegation is vague. K & P's position on Count II in its successful motion for summary judgment is also vague. Moreover, Count II is a cause of action founded on tort, not contract law. Null prayed for punitive damages on Count II; however, neither party has recognized that the Statute of Frauds is a defense to a suit to enforce a contract.

■ K & P claimed it could not be liable for misrepresentation in hiring Null because it had no duty to tell Null about any of the terms or conditions of his employment which

were ascertainable by Null, citing *McCoy v. Spelman Mem. Hosp.* 845 S.W.2d 727 (Mo. App.W.D.1993). The *McCoy* case concerns an allegation of fraudulent misrepresentation through silence. *Id.* at 731. Null is alleging K & P, through Krumm, affirmatively lied to him about the terms of his employment. He seeks an opportunity to prove K & P promised a performance bonus it never intended to pay. Additionally, in *McCoy* the information allegedly concealed from the employee was "obvious" and within the employee's "fair and reasonable reach." *Id.* at 732. This reasoning does not apply where the allegation is that an employer lied to an employee to obtain his services. Null had no means to know the promise of a bonus was true or false when given. Material issues of fact exist on whether there was a promise and, if so, if it was a misrepresentation.

K & P argues in its brief Count II must fail because "the [alleged] fraud predicates upon the terms of an alleged oral contract of employment." K & P relies on no cited cases. It did not fully brief this overly broad and general proposition. K & P's alternative argument against Count II depends on the proposition that an element of fraud must be visible through either plaintiff's pleadings or the discovery evidence for the claim to be actionable in employment termination cases. For this assertion, K & P again cites *McCoy v. Spelman Mem. Hosp.*, 845 S.W.2d at 731–732 and *Lay v. St. Louis Helicopter Airways, Inc.*, 869 S.W.2d 173 (Mo.App.E.D.1993). *McCoy* does not support the proposition which K & P proclaims. It held, concerning a fraud allegation, that an employer had no duty to inform the employee of facts concerning his employment which were reasonably ascertainable. *McCoy v. Spelman Mem. Hosp.* 845 S.W.2d at 732. The fact disputes in Count II were not independently discoverable. In the *Lay* case, the court granted employer's motion for summary judgment which was supported by portions of employee's deposition in which employee blatantly contradicted his own petition's fraud allegation. *Lay v. St. Louis Helicopter Airways, Inc.*, 869 S.W.2d at 177. Likewise, the *Lay* case does not stand for the proposition which K & P asserts.

■ As Null's third point, he argues dismissal of Count III for wrongful termination constituted error because such a claim is authorized by § 287.780. In its brief, K & P chose not to provide any argument concerning this point on appeal. It seems to contend the Workers' Compensation claim was filed against Kemmar, the predecessor company, and termination by K & P cannot invoke the protection of § 287.780 because K & P was not the employer at the time of injury and when the claim was filed. It argues the statute cannot apply to claims not filed against K & P. We disagree in this case where K & P is the successor to the original Workers' Compensation employer and has a financial interest.

■ Section 287.780 of the Missouri Workers' Compensation Act provides all employees, including at will employees, a cause of action against a former employer for damages if that employee was either discharged or discriminated against for exercising rights provided under the Act. *Dake v. Tuell,* 687 S.W.2d 191, 193 (Mo. banc 1985). Null simply alleged in Count III that K & P terminated him because of Workers' Compensation liability costs caused by his compensation claim. In response to K & P's motion for summary judgment, Null referred to deposition testimony in which Krumm stated Null was terminated because of "liability" reasons. Upon further questioning, Krumm explained this to be Workers' Compensation liability. Krumm added the explanation that Null insisted on working in the shop area, not the office area, and the shop is much more dangerous and poses more risk of further injuries. However, Null's testimony would be sufficient to maintain a genuine factual dispute. Summary judgment was not proper. *ITT Comm. Finance v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d at 381.

In view of a remand on Null's appeal, K & P's motion for sanctions is denied. We reverse and remand.

CRANE, P.J., and CRAHAN, J., concur.