Penny PALERMO, Plaintiff–Appellant,

v.

TENSION ENVELOPE CORPORATION,
Defendant–Respondent.

No. 71554.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 4, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 8, 1998.

Application for Transfer Denied
Feb. 24, 1998.

John C. Healy, St. Louis, for plaintiff–appellant.

Beth Romans Bower, Kansas City, for defendant–respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Penny Palermo appeals from the judgment of the trial court granting Tension Envelope Corporation's (Tension) motion for summary judgment. The court's order granted summary judgment against Palermo on her claim of discrimination by Tension in retaliation for exercising her rights under the workers' compensation laws in violation of Section 287.780, RSMo 1994.[1] We reverse and remand.

Tension hired Palermo in July 1987. She was classified as an "A" operator which meant she could operate any "A" type machine. On or about April 13, 1988, Palermo injured her back while pushing a carton of envelopes from a table stand to a conveyor belt. In June 1988, she filed a claim for workers' compensation. After the injury, Palermo was on and off work due to back pain. Palermo did not return to work after February 2, 1990, and Tension terminated her employment in November 1990.

Palermo filed a claim against Tension alleging discriminatory treatment and discharge in violation of Section 287.780. In her petition, Palermo alleges that after exercising her rights under the workers' compensation laws, Tension discriminated against her by assigning her to a more difficult machine and not assisting her when she operated certain machinery which they had done for her before her injury and which they would do for other machine operators. Palermo further alleges that the discrimination by Tension resulted in the constructive discharge of Palermo as of February 2, 1990.

The trial court granted summary judgment in favor of Tension finding that Palermo failed to produce sufficient evidence to demonstrate an exclusive causal relationship between the exercise of her rights under the workers' compensation laws and the alleged discriminatory treatment and discharge by Tension. Furthermore, the court found the record did not support the allegation of constructive discharge nor evidenced an exclusive causal connection between the alleged emotional distress and Tension's actions. Finally, the court concluded the proper forum

1. All statutory references are to RSMo 1994 un- less otherwise noted.

for Palermo's claim of emotional distress was under workers' compensation law because the distress resulted, at least in part, from the work-related back injury. Palermo appeals from that order.

Palermo asserts four points on appeal: (1) the trial court erred in allowing Tension to file a reply brief to Palermo's response to Tension's motion for summary judgment; (2) the trial court erred in granting Tension's motion for summary judgment because the record shows genuine issues of material fact as to whether Tension discriminated against her in retaliation for filing a claim under workers' compensation; (3) the trial court erred in concluding that Palermo's claim for depression could not be brought under Section 287.780; and (4) the trial court erred in finding Palermo was not constructively discharged.

In Palermo's first point, she asserts the trial court erred in allowing Tension to file a reply brief to her response to Tension's motion for summary judgment. Palermo relies on Rule 74.04 which does not provide for such reply briefs. Palermo also argues this prejudiced her because she was not given the opportunity to rebut the reply with a further response. Tension argues, however, that while Rule 74.04 does not provide for filing a reply brief, it also does not prohibit the filing of a reply brief. Tension also relies on the fact that Rule 74.04 gives a trial court discretion as to whether it will allow "affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."

Tension's reply took the form of supplemental and opposing affidavits, deposition testimony, and a legal memorandum. To the extent Tension's reply supplemented or opposed affidavits offered by Palermo and did not raise new arguments, we find that the trial court did not abuse its discretion. Therefore, in reviewing the record, we disregard any new material raised in Tension's reply memorandum.

In her second point, Palermo argues the trial court erred in granting Tension's motion for summary judgment because she presented sufficient evidence to demonstrate Tension discriminated against her for exercising her rights under the workers' compensation laws in violation of Section 287.780. In addition, Palermo argues in her fourth point that genuine issues of material fact exist as to whether Tension constructively discharged Palermo as of February 2, 1990, due to Tension's discriminatory treatment.

Our review of summary judgment is *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). Whether summary judgment is proper is an issue of law, and we need not defer to the trial court's order. *Id.* We review the record in the light most favorable to the non-movant and give the non-movant the benefit of all reasonable inferences. *Id.* at 382.

When the party moving for summary judgment is a "defending party," the movant "may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id.* at 381 (emphasis in original). We take facts set out by the movant in affidavits or otherwise as true unless the non-movant contradicts such facts in its response to the motion for summary judgment. *Id.* at 376. The non-movant need not establish his or her right to judgment as a matter of law. *Id.* at 381–82. Instead, in its response, the non-movant " 'by affidavits or as otherwise provided in this Rule 74.04, *shall set forth specific facts* showing that there is a genuine issue for trial.' " *Id.* (emphasis in original). A non-movant's testimony alone is enough to demonstrate a genuine factual dispute. *Null v. K & P Precast, Inc.*, 882 S.W.2d 705, 709 (Mo.App. E.D.1994); *see also Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo.1984). For purposes of summary judgment, "a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential

facts." *ITT*, 854 S.W.2d at 382. In determining whether the non-movant has met her burden, we are not concerned with the " 'truth' " of the facts, but whether they create a genuine dispute that is not argumentative, imaginary, or frivolous. *Id.*

Under Section 287.780,

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

To prevail in an action under Section 287.780, a claimant must prove each of the following four elements: 1) claimant's status as an employee of defendant before the injury; 2) claimant's exercise of a right under workers' compensation law; 3) defendant's discharge of *or* discrimination against claimant; and 4) an exclusive causal relationship between claimant's exercise of her rights and defendant's discharge of or discrimination against claimant. *Hansome*, 679 S.W.2d at 275 (emphasis ours). "Proof of this causal connection is necessarily indirect because the employer is not likely to admit that retaliation is his motive." *Wiedower v. ACF Industries, Inc.*, 715 S.W.2d 303, 306 (Mo.App. E.D. 1986). Discrimination may take various forms including "denying the employee advancement, salary or hourly pay increases, assignment to less desirous jobs or locations, etc." *Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 149 n. 3 (Mo.App. E.D.1983). If facts are in dispute as to whether or not conduct by an employer towards an employee is discriminatory, the question is one for a jury. *Wiedower*, 715 S.W.2d at 307.

Retaliatory discharge under Section 287.780 may also take the form of constructive discharge. *See Missouri Div. of Employment Sec. v. Labor & Industrial Relations Com'n of Missouri*, 739 S.W.2d 747 (Mo.App. W.D.1987); *West v. Marion Merrell Dow, Inc.*, 54 F.3d 493 (8th Cir.1995). An employer constructively discharges an employee when the employer " 'deliberately renders the employee's working conditions intolerable and thus forces her to quit her job.' " *Marion Merrell Dow, Inc.*, 54 F.3d at 497. Whether or not an employee will be found to have been constructively discharged depends on whether " 'a reasonable person would find her working conditions intolerable.' " *Id.*

In support of its motion for summary judgment, Tension argues that Palermo failed to come forward with sufficient evidence to demonstrate Tension discriminated against her for filing a workers' compensation claim. Tension argues that it did not assign Palermo to a more difficult machine after she was injured and exercised her rights under the workers' compensation laws. Instead, Tension argues that Palermo returned to work with a doctor's release that stated she was unrestricted, Tension assigned her to a job within the scope of her job description, and the assignment was to a machine that was more accommodating to her back because it involved less bending. Tension also states that Palermo, as a member of the employees' union at Tension, never filed a grievance relating to discrimination against her as a result of filing a workers' compensation claim. Tension also points to Palermo's deposition in which she stated she did not remember anyone at Tension telling her they were upset that she had filed a workers' compensation claim.

At a minimum, the record demonstrates the following allegations of discrimination against Palermo by Tension: Tension set her machine's production level at almost double the production level of the machine from when Palermo ran it prior to the injury and ran it at a faster speed than is required of other employees; prior to her injury, her supervisors had discussed promoting her to assistant lead lady, but after the injury and filing her workers' compensation claim, these discussions ceased; her supervisors reprimanded Palermo for taking too long on breaks while other employees who took the same amount of time, if not longer, were not reprimanded; her supervisors allowed her to sit and inspect envelopes, a favored and less strenuous assignment given to employees if their machines are inoperative, prior to her injury, but post-injury she was not allowed to do this; she was no longer allowed to take breaks to smoke cigarettes while other employees were allowed; she was written up for

conduct other employees were not; and her foreman told her that "if [she] wanted to work for the company, [she] should never have gone against them."

■ Tension argues the foreman's statement is not evidence of discrimination because in his affidavit the foreman stated that he did not have the authority to hire, fire, or discipline Palermo, but was a co-employee, and therefore, could not discriminate against Palermo. This argument has no merit. In *Self v. Lenertz Terminal, Inc.*, 854 S.W.2d 571, 576 (Mo.App. E.D.1993), an employee alleging discrimination by the employer stated that a co-employee had asked her why she "'had hired lawyers, and then ... mentioned—what the hell do I expect to get out of the workman's compensation claim and who in the hell is * * * law firm?'" The employer urged that the employee was not acting with the authority of the company and therefore could not be used against the employer. *Id.* The court found such a statement admissible because it was relevant to show the intent of the employer. *Id.* Similarly, we find the foreman's statement to Palermo demonstrative of Tension's intent and therefore relevant to Palermo's claim of discrimination.

■ We find the granting of summary judgment in favor of Tension was improper because Palermo presented sufficient evidence to create a factual dispute as to whether Tension discriminated against Palermo in violation of Section 287.780. Furthermore, we find that the determination of whether or not the alleged discrimination by Tension could have resulted in the constructive discharge of Palermo is a question of fact for the jury.

In her third point on appeal, Palermo argues the trial court also erred in finding that her claim of alleged emotional distress should be brought under the workers' compensation laws and not under Section 287.780. We agree.

■ Workers' compensation laws are the exclusive remedy for injuries "arising out of and in the course of ... employment." Section 287.120. If an employee alleges emotional distress resulting from discriminatory treatment or discharge by his or her employer, however, as opposed to arising out of the course of employment, the workers' compensation laws do not apply. *See Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1060–61 (8th Cir.1993). Instead, the claim of emotional distress falls under Section 287.780.

■ Tension argues that since Palermo admits the depression results in part from her back pain and not exclusively from the alleged discriminatory treatment, she cannot recover for emotional distress in this forum. However, Tension misreads Section 287.780. The element of exclusivity requires that there be an exclusive causal relationship between the exercise of the workers' compensation right and the discrimination or discharge, *Hansome*, 679 S.W.2d at 275, not between the retaliatory conduct and the effect it may have on the employee, in this case emotional distress. If an employee suffers emotional distress, even if only partly, as a direct result from the discrimination or retaliatory discharge, it is recoverable under Section 287.780. Whether or not Palermo did suffer emotional distress as a result of discriminatory treatment is a question of fact for a jury.

The judgment of the trial court is reversed and remanded.

SIMON and HOFF, JJ., concur.