Michael S. BROWN, M.D., Appellant,

v.

HANNIBAL ANESTHESIA SERVICE, INC. and Tria Wilhite, M.D., Respondents.

No. 73090.

Missouri Court of Appeals, Eastern District, Northern Division.

July 28, 1998.

Stephen M. Ryals, Clayton, for appellant.

Mark S. Wasinger, Hannibal, for respondents.

CRAHAN, Chief Judge.

Plaintiff Michael Brown, M.D. ("Employee") appeals the judgment granting Defendants' Hannibal Anesthesia ("Practice") and Tria Wilhite, M.D. motion to dismiss. We reverse and remand.

When reviewing a motion to dismiss, we accept as true the facts alleged in the petition and all inferences fairly deductible from them. *Bunting v. Huckstep,* 853 S.W.2d 448, 448 (Mo.App.1993).

Employee's petition alleged the following. Employee worked as an attending physician in the residency program at the University of Missouri–Columbia Hospital. Employee and Dr. Wilhite had become acquainted while working at the University. In 1995, Employee responded to Practice's advertisement for an Anesthesiologist. He discussed the position and related matters with Dr. Wilhite, who was acting on Practice's behalf.

Employee accepted a position with Practice. The agreement was that Employee would work from January 1, 1996 to December 31, 1996. Thereafter, Employee and Practice would become "partners."[1] In addition, Practice promised (1) to pay Employee's professional dues and fees, (2) to pay for certain necessary equipment, (3) to provide for a company car and temporary housing during Employee's relocation from Columbia, and (4) to provide financial bonuses.

Employee alleged Practice made the foregoing promises with the intention that Employee rely on them in deciding to relocate to Hannibal and work for Practice. Representations made about Employee's employment package were false, and Practice either knew the representations were false or did not know if they were true or not.

Employee further alleged the representations made about the employment package offered to Employee were material to Employee's decision to move to Hannibal and work for Practice. Employee relied on these material misrepresentations in deciding to come to work for Practice.

Practice informed Employee that, upon the expiration of his year of service, Practice did not intend to be associated with him any more. Practice terminated Employee before the expiration of his year of service but paid him through the end of the year.

Employee asserts that he has been injured by Practice. Specifically, he maintains two residences and must travel significant distances to practice Anesthesiology because Practice is the exclusive provider of anesthesia services to the only hospital in Hannibal.

■ In his sole point on appeal, Employee claims the trial court erroneously dismissed his case because his petition adequately pleaded a case for fraudulent misrepresentation against Dr. Wilhite and Practice. Practice claims the trial court's decision was proper because (1) Employee's claim was barred by the Statute of Frauds because the alleged agreement to make him a partner was not in writing and was not to be performed within one year, and (2) Employee's petition failed to state a claim for fraudulent misrepresentation.[2]

■ Employee points out in his brief that the Statute of Frauds is a defense to a suit to enforce a contract. *Null v. K & P Precast, Inc.,* 882 S.W.2d 705, 708 (Mo.App. 1994). Employee's petition, however, sounds in tort. Employee concedes that Practice fulfilled its obligations under the 1996 oral employment contract. His complaint is that Practice's misrepresentations about making Employee a partner and providing for neces-

---

1. Although becoming a "partner" in a corporation is a legally impossible proposition, it is a fair inference from such a promise that Employee was to gain some interest in the ownership and control of Practice akin to that enjoyed by partners in a partnership.

2. Practice also argued in its motion to dismiss that Personal Jurisdiction, Venue and Service of Process were also improper. These claims were not discussed in Practice's memorandum in support of the motion to dismiss or in its brief and are therefore deemed abandoned.

sary fees and equipment fraudulently induced him to quit his job in Columbia and relocate to Hannibal.[3] The damages he seeks are not the compensation he would have received if he had been made a partner. Rather, he seeks to recoup the expenses he incurred in relocating to Hannibal in reliance on Practice's false promise of partnership.

The Statute of Frauds was not a defense to a similar cause of action in *Null. Id.* In *Null,* plaintiff was allowed to proceed on his cause of action for fraudulent misrepresentation because, he alleged, his employer "affirmatively lied to him about the terms of his employment." *Id.* That the alleged fraud arose in the course of a contract negotiation does not allow an employer to offer contract defenses against it. *See Frame v. Boatmen's Bank of Concord Village,* 782 S.W.2d 117, 120–121 (Mo.App.1989) (Statute of Frauds was discussed as a defense to plaintiff's suit for breach of an oral contract relating to the sale of land but not to a claim for fraudulent representation arising out of the same transaction); *Corder v. O'Neill,* 176 Mo. 401, 75 S.W. 764, 774 (1903) (Statute of Frauds has no application to a cause of action for fraud). Therefore, the trial court should not have dismissed Employee's claim based upon the Statute of Frauds.

Practice alternatively argues that the trial court's dismissal was proper because the petition failed to adequately state a cause of action for fraudulent misrepresentation. In particular, Practice claims Employee failed "to assert that he had a right to rely upon the misrepresentations alleged." Specifically, Practice asserts that it was "incumbent upon Employee to obtain legal assurance that the intention stated by [Practice] would be carried out." Although not readily discernable from Practice's brief, at oral argument Practice's counsel explained that Practice's contention is that, as a matter of law, Employee had no right to rely on Practice's alleged promise of partnership because

such promise was unenforceable due to the Statute of Frauds. We disagree. Contracts that are unenforceable due to the Statute of Frauds may nonetheless become enforceable due to subsequent events. *See, e.g.* Restatement (Second) of Contracts Sec. 130, comment d. (1981) (Contract which has been fully performed by one party is enforceable even though other party's performance cannot be completed in a year).

Practice's citation of *Emerick v. Mutual Benefit Life Ins. Co.,* 756 S.W.2d 513 (Mo. banc 1988), is inapposite to the issues presented by this appeal. *Emerick* held that a plaintiff failed to adduce sufficient evidence of fraud to submit the case to the jury. 756 S.W.2d at 518. The deficient elements in *Emerick* were the falsity ·of the representation and its causation of the plaintiff's damages. *Id.* In the case at bar, we treat all of the facts alleged in Employee's petition as true. The sufficiency of the evidence is not at issue.

Employee alleged that Practice made all of the material misrepresentations directly to him through its agent, Dr. Wilhite. Employee had the right to rely on the representations of a corporation when made directly by the corporation itself through its agents. *See Slone v. Purina Mills, Inc.,* 927 S.W.2d 358, 373 (Mo.App.1996); *Koch v. Victoria Loan Co.,* 652 S.W.2d 212, 215 (Mo.App.1983). Employee has, therefore, pleaded adequate facts in support of his right to rely upon fraudulent statements made to him by Practice.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

HOFF, J., and ROBERT E. CRIST, Senior Judge, concur.

---

**3.** It is important to note that "statements and representations as to expectations and predictions for the future are insufficient to authorize a recovery for fraudulent misrepresentation," *Arnold v. Erkmann,* 934 S.W.2d 621, 627 (Mo.App. 1996). According to the Petition, Practice's alleged statements were of present intent to allow Employee to enter the practice as a partner upon

the expiration of his contract and may constitute a fraudulent misrepresentation. Although Employee faces a formidable, if not insurmountable challenge in proving that Practice in fact had no intent to make him a partner at the time it made the alleged representations, such difficulties have no bearing on whether the Petition was properly dismissed.