**Timothy KUMMER, Plaintiff–Appellant,**

v.

**ROYAL GATE DODGE, INC., Defendant–Respondent.**

No. 73921.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1998.

Application for Transfer Denied Feb. 23, 1999.

Kopsky & Associates, P.C., Paul W. Kopsky & Donald D. Heck, Chesterfield, for appellant.

Goffstein, Raskas, Pomerantz, Kraus, Sherman, Ruthmeyer & Susman, LLC, Sanford Goffstein & Tracey Oakes O'Brien, St. Louis, for respondent.

KAROHL, Judge.

Plaintiff, Timothy Kummer (Kummer), appeals summary judgment for defendant Royal Gate Dodge, Inc. (Royal Gate). Kummer, a former employee of Royal Gate, filed a workers' compensation claim for a knee injury he sustained while working as a car salesman on May 17, 1994. The summary judgment was entered in his suit for discriminatory acts and for dismissal in retaliation for exercising his rights to benefits under the Workers' Compensation Act. Chapter 287 RSMo 1994.

The motion for summary judgment and the judgment were based on a trial court conclusion that Kummer's deposition testimony concedes he cannot offer evidence to support

a finding Royal Gate that discharged him exclusively because he exercised workers' compensation rights. Kummer must offer such evidence to support a section 287.780 RSMo 1994 [1] claim for retaliatory discharge. *Crabtree v. Bugby*, 967 S.W.2d 66, 71 (Mo. banc 1998). Royal Gate's motion did not allege, and the trial court did not conclude, that Royal Gate did not discriminate against Kummer for exercising his workers' compensation rights.

The dispute in *Crabtree* involved only a cause of action based on discharge from employment. The court defined the elements of that cause of action. Neither *Crabtree* nor the cases cited therein define the elements of a cause of action under section 287.780 for discrimination only. In *Crabtree*, the Supreme Court affirmed its previous view that the subject statute "was enacted into law against the backdrop of the 'at will' doctrine, which allows an employer to fire an employee without a durational contract for any reason or for no reason." *Id.* at 70. From this, the court concluded, "[t]he workers' compensation act did not abolish the at will doctrine but rather provided a limited exception which allows an action where there was an exclusive causal relationship between the discharge and the employee's exercise of rights granted under chapter 287 RSMo 1978." In this respect, *Crabtree* confirmed its decision in *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273 (Mo. banc 1984). However, this rationale does not apply to allegations of discrimination if that conduct is separated from discharge.

Kummer alleged that on and continuing after his work-related injury Royal Gate discriminated against him, including but not limited to the following: (a) verbal abuse; (b) extra work hours which he could not medically perform; (c) demands for more strenuous work than he could perform; (d) threats to terminate him for illegal, unjust, improper and unfair reasons; (e) illegal, unjust, improper and unfair job performance demands; and, (f) withholding of standard and customary benefits. He also alleged discrimination by illegal, unjust, improper and unfair termination; issues decided by *Crabtree*.

Section 287.780 provides a cause of action for an employee if an employer should "discharge *or in any way discriminate against any employee* for exercising any of his rights under this chapter." (Emphasis added.) Royal Gate did not allege as a ground for summary judgment that the summary judgment facts would prevent Kummer from proving forms of discrimination other than discharge. Royal Gate did not argue any summary judgment facts to support a finding in opposition to Kummer's allegations of discriminatory conduct other than discharge. Rather, Royal Gate relied on two affirmative defenses: (1) Kummer was unable or unwilling to perform the ordinary duties and responsibilities of his employment; and, (2) Kummer was discharged for lack of production. The motion for summary judgment adopted these defenses by alleging Royal Gate:

> [H]ad just cause to terminate Plaintiff because he was unable to perform his job as a result of his injury ... [and] ... Plaintiff's own testimony demonstrates that he is unable to establish an exclusive causal relationship between the exercise of his rights under the Workers' Compensation Act and his termination of employment ... [thus] ... Royal Gate Dodge is entitled to summary judgment as a matter of law because Plaintiff cannot establish an exclusive causal relationship between his termination and the exercise of his rights under the Workers' Compensation Act for the reason that there is no genuine issue of fact that Plaintiff was unable to perform his job as a result of his injury, and Defendant was entitled to discharge Plaintiff on the basis of his inability to perform his job.

Kummer offered a detailed, extensive response to Royal Gate's Motion for Summary Judgment. He specifically maintained that he was discriminated against and terminated in retaliation for his exercise of right. In his affidavit he states, inter alia, "[o]n multiple occasions after May 17, 1994, including but not limited to those identified in 'Plaintiff's Response to Defendant Royal Gate Dodge,

---

**1.** All statutory references are to RSMo 1994.

Inc.'s Motion for Summary Judgment,' I was discriminated against, singled out, and treated unfairly as a direct result of my May 17, 1994 work-related injury." In another paragraph of the affidavit he affirms discrimination and wrongful termination.

The trial court entered an order and summary judgment as follows:

Defendant's Motion for Summary Judgment and Plaintiff's Response thereto show that there is no genuine [issue] as to the material fact that Plaintiff was unable to perform his duties as an employee. Defendant was entitled to discharge Plaintiff on the basis of Plaintiff's inability to perform his duties as an employee. Plaintiff cannot establish the necessary element of an exclusive causal relationship between Plaintiff's termination and the exercise of Plaintiff's rights under the Worker's Compensation Act. Defendant is entitled to a judgment as a matter of law. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. banc 1984); *Blair v. Steadley*, 740 S.W.2d 329, 332 (Mo.App. S.D. 1987).

The relevant summary judgment facts are as follows. Royal Gate employed Kummer on April 20, 1993. On May 17, 1994, Kummer sustained a work-related knee injury. The injury was diagnosed as an internal derangement and tearing of the structures of the right knee. The knee was surgically treated on June 2, 1994. On July 15, 1994, Chris Shanks (Shanks), for Royal Gate, told Kummer he didn't like physical therapy because it interfered with Kummer's worktime. On September 16, 1994, Shanks gave Kummer a letter of termination. Shanks told Kummer he had to let him go because of lack of sales. He also told Kummer, "The real reason is that [Kummer] was costing the company too much money, and that the company has spent hundreds of thousands of dollars on [Kummer's] injury." Facts relevant to the claim of discrimination, as opposed to discharge, include: (a) on May 19, 1994, Royal Gate took back Kummer's demo car; (b) on July 1 it was replaced with a 1979 beat-up old car because Royal Gate told him that he didn't deserve anything better and this was a form of punishment for getting hurt on the job; (c) on August 5 and August 12, 1994, he was verbally harassed by management; and, (d) after the work-related injury he received daily harassment by Royal Gate management who called him "Mr. Worker's Compensation" and "The Million Dollar Man." On September 15, 1994, Royal Gate discharged Kummer. On October 5, 1994, the knee was surgically treated for a second time.

■ Kummer presents two related points on appeal. In Point I, he argues the court erred in granting summary judgment because: (a) a genuine issue of material fact exists as to Royal Gate's retaliatory discharge of him because there are evidentiary facts in the record that support the conclusion that his termination was based wholly on a retaliatory motive; and, (b) there are uncontroverted facts to support a finding of retaliatory discrimination. Point II claims error in the grant of summary judgment because Kummer's physical inability to perform, because of a work-related injury, does not preclude a claim for retaliatory discharge in violation of the statute. Royal Gate argues we should not consider these points because "they fail to state 'wherein and why' the ruling of the trial court was erroneous." We find no violation. These points identify the trial court's action which is in dispute, state a reason why the ruling is erroneous and identify summary judgment facts which would have supported a ruling denying summary judgment. *See, Thomas v. Smithson*, 886 S.W.2d 951, 952 (Mo.App. S.D.1994). The points are sufficient to notify Royal Gate of the precise matters that must be contended with and answered. We reject the suggestion of Royal Gate that the points are not reviewable.

■ Applying the appropriate standard of review as provided in *ITT Commercial Finance Corp. v. Mid–America Marine Supply*, 854 S.W.2d 371 (Mo. banc 1993), we conclude the court erred in granting summary judgment. First, the issue of discrimination, separate from discharge, was pleaded, was not a subject of the motion for summary judgment and summary judgment facts exist to support the cause of action authorized by section 287.780. Royal Gate contends that

discovery, particularly answers to interrogatories, confirm that Kummer's only claim for damages relates to a claim for retaliatory discharge. Viewing the pleadings and issues in a light most favorable to Kummer, this contention fails. Amended answers to interrogatories on the issue of damages may be filed which would cure any complication on the nature and extent of damages for discrimination separate from damages for discharge. Difficulty in proving damages is not a ground to grant summary judgment. Moreover, the trial court did not consider and did not grant summary judgment after considering the issue of damages. Summary judgment was based entirely on the law confirmed in *Crabtree* regarding a cause of action for retaliatory discharge.

■ Second, the summary judgment facts contain conflicting evidence on the real reason for discharge. Kummer testified that during the months following his injury and surgery, he was unable to sell cars, as other salesmen, due to his knee injury. The injury prevented him from performing his duties in any manner. If the court accepts that testimony as true, those facts do not support a finding as to the motivation of Royal Gate in discharging Kummer. It argues it was motivated by his inability to perform. However, Shanks told Kummer the real reason was the expense caused by his workers' compensation claim. The summary judgment facts before the trial court would support a finding that the real reason for termination was the injury and workers' compensation claim. The "real reason" remains a disputed fact for the discharge allegations.

■ Kummer may successfully present facts that would support a finding there was an exclusive causal relationship between the exercise of his workers' compensation rights and discharge. "Even though an employer produces evidence of a legitimate reason for the employee's discharge, the plaintiff who is able to persuade the jury that the employer's reason is pretextual and not causal is entitled to a verdict." *Wiedower v. ACF Industries, Inc.*, 715 S.W.2d 303, 307 (Mo.App.1986). In such circumstances, "[i]f facts are in dispute as to whether or not conduct by an employer towards an employee is discriminatory, the

question is one for a jury." *Palermo v. Tension Envelope Corp.*, 959 S.W.2d 825, 828 (Mo.App. E.D.1997). In the present case, Kummer's answers to interrogatories and his affidavit, filed in opposition to Royal Gate's Motion for Summary Judgment, offer summary judgment facts to demonstrate a genuine factual dispute on the true motive for discharge. In *Hansome*, the Supreme Court found plaintiff's testimony, quoting an employer's statement, that he was fired for exercising his workers' compensation rights, was sufficient to make a prima facie case under the statute. *Hansome*, 679 S.W.2d at 275.

■ Third, this court has recognized a distinction between discrimination and retaliatory discharge under section 287.780. In *Palermo*, we held, "[f]urthermore, we find that the determination of whether or not the alleged discrimination by Tension could have resulted in the constructive discharge of Palermo is a question of fact for the jury." *Palermo*, 959 S.W.2d at 829. Thus, an employee may plead, prove and recover under section 287.780 for wrongful discrimination, either independently or in combination with a claim for wrongful discharge.

■ Fourth, the summary judgment facts offered by Royal Gate declare Kummer was discharged for lack of sales production and performance. The court granted summary judgment on a motion that alleged Royal Gate was justified in discharging Kummer because he was "unable to work." These facts would support a finding that one reason for discharge was not retaliation. However, Kummer's affidavit in opposition to summary judgment referred to a statement of his supervisor that the "real reason" was retaliatory. Evidence of a discriminatory "real reason" would support a contrary finding. The dispute in *Wiedower* was essentially the same. In that case, there was evidence that the employee was physically unable to work by reason of a work-related injury. He admitted he was unable to do the job on the date that he was fired. However, he maintained that he was discharged for filing the workers' compensation claim. His inability to work did not preclude the claim. His

theory and the employer's theory were submitted to a jury. "Where the facts are in dispute as to whether the discharge was or was not wrongful, the question is always one for the jury under proper instructions." *Wiedower*, 715 S.W.2d at 307. *Crabtree* remanded for a proper instruction to submit the issue of whether the exclusive reason for discharge was retaliatory for employee's workers' compensation claim. Accordingly, summary judgment is not appropriate.

We reverse and remand.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.

**In re J.M.Z.**